IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **BIANCA JOHNSON and DELMAR CANADA,** | : | **FIRST AMENDED COMPLAINT and JURY DEMAND** |
| **Plaintiffs,** | : | |
| v. | : | Case No. 3:16cv16 |
| **ANDREW HOLMES, JOHN DOES 1-3 and ALBEMARLE COUNTY,** | : | |
| **Defendants.** | : | |

Bianca Johnson and Delmar Canada by counsel, for their Complaint against Defendants, state as follows:

## PARTIES

1. Plaintiff Bianca Johnson is African-American, a citizen and a resident of Albemarle County.

2. Plaintiff Delmar Canada is African-American, a citizen and a resident of Albemarle County and the fiancé of Plaintiff Bianca Johnson.

3. Defendant Andrew Holmes is Caucasian and a police officer of the County of Albemarle, acting under color of law at all times relevant to this Complaint.

4. Defendants John Does 1-3 are Caucasian and were, at all times relevant to this action, police officers employed by the County of Albemarle and acting under color of state law.

5. Defendant, Albemarle County is a political subdivision of the Commonwealth of Virginia and the Albemarle Police Department is a department within Albemarle County government.

## FACTS

6. On or about April 26, 2014, Plaintiff Delmar Canada was given a traffic summons by Defendant Holmes for driving while his license was suspended.

7. Thereafter, on April 27, 2014, Defendant Holmes sought and obtained a search warrant for the home of Plaintiffs, ostensibly to search for the "Department of Motor Vehicle suspension notification form for Delmar Gene Canada.," which had been issued more than a year earlier.

8. Before seeking the warrant, Defendant Holmes verified with the Division of Motor Vehicles that Plaintiff Canada's license was suspended and that DMV had issued a statutory notice of that fact, sent first class mail, to Mr. Canada approximately one year earlier.

9. In order to secure a conviction for driving while a license is suspended, the Commonwealth has to prove that the license was, in fact, suspended and that notification of that fact was sent to the license holder. This is proven by the use of certified records from the Department of Motor Vehicles.

10. In light of the above, there was no need for a search of Plaintiffs' home as the state had all of the evidence it needed to convict Plaintiff Canada of driving while his license was suspended

11. Nonetheless, Defendant Holmes and John Does 1-3 appeared at Plaintiffs' home on or about Friday, May 2, 2014 at or about midnight and proceeded to thoroughly search their home, looking everywhere in the home for a single piece of paper.

12. Defendants' search produced no results and after approximately two hours Defendant Holmes and John Does 1-3 left the premises.

13. The search warrant that Defendant Holmes sought and obtained patently lacked probable cause to believe that the one piece of paper, issued a year earlier, would be found in Plaintiffs'

2

Case 3:16-cv-00016-GEC    Document 20    Filed 04/08/16    Page 2 of 7    Pageid#: 78

home at the time of the search and Defendant Holmes knew or should have known that fact. No reasonable police officer would have believed that the letter from DMV would still be in a home more than a year after it was sent or that it was reasonable to conduct such a search at midnight.

14. Defendant Holmes, in his affidavit for the search warrant, merely asserted that "[b]ased on my training and experience I am aware that individuals keep. store, and maintain motor vehicle documentation and suspension notification forms in their possessions, residences, surrounding curtilage, and inside of vehicles." No reasonable police officer would have such training or experience to lead to the probable cause conclusion that the piece of paper issued a year earlier would be found in the premises of Plaintiffs' home. Defendant Holmes' affidavit would have justified a search of any of Plaintiff Canada's possessions, residences, surrounding curtilage or vehicles.

15. There was no probable cause to believe that the piece of paper sent to Mr. Canada in the spring of 2013 would be present in his home a year later as there would be no reason or purpose for Mr. Canada to keep, store or maintain that piece of paper.

16. The search of the contents of an entire home looking for a single piece of paper was patently overbroad to justified a search, without basis, of the most intimate possessions of both Delmar Canada and Bianca Johnson.

17. Defendants John Does 1-3 knew or should have known that the warrant lacked probable cause and no reasonable police officer would have believed that there was probable cause to justify such a search.

18. While the search was conducted, Plaintiffs were prohibited from leaving their home or moving within their home without permission.

19. Defendant Holmes has a history and practice of targeting African-American males for vehicle stops and intrusive searches. The application for a search warrant in this case and the search itself were motivated, in significant part, by the race of Plaintiffs.

20. Numerous complaints by African-Americans have been lodged by citizens with the County of Albemarle through its police department, prior to the incident herein, against Defendant Holmes, complaining about his conduct in improperly stopping cars and unlawfully searching people and places. To the best of Plaintiffs knowledge, information and belief, no disciplinary or other corrective action was taken as a result of any of those complaints by the Albemarle County police department thereby acquiescing to Defendant Holmes' illegal behavior and implicitly encouraging his practice of targeting African-Americans.

21. Defendant Holmes' conduct, as described herein, was willful, deliberate, malicious and with reckless disregard for he Plaintiffs' constitutional rights.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Civil Rights Violation for Unlawful Search - 42 U.S.C. §1983)

22. By applying for a search warrant that patently lacked probable cause and that no reasonable police officer would have believed contained probable cause,, Defendant Holmes violated Plaintiffs' rights protected by the Fourth and Fourteenth Amendment to the United States Constitution to be free from unreasonable searches.

23. By applying for a warrant to search the entire premises looking for a single piece of paper and then executing that warrant at a patently intrusive hour of the night was unreasonable and excessive in scope in relation to the need for the warrant, Defendant Holmes violated Plaintiffs' rights protected by the Fourth and Fourteenth Amendment to the United States Constitution to be

4

free from unreasonable searches.

24. By applying for a warrant without any need for the "evidence" he claimed to be seeking and which was the subject of the warrant was unreasonable and Defendant Holmes thereby violated Plaintiffs' rights protected by the Fourth and Fourteenth Amendment to the United States Constitution to be free from unreasonable searches.

25. As a direct and proximate cause of that conduct, Plaintiffs suffered damages, including emotional distress.

## SECOND CAUSE OF ACTION

(Civil Rights Violation for Unlawful Seizure - 42 U.S.C. § 1983)

26. By seizing the Plaintiffs in order to conduct an unreasonable search, without probable cause, Defendant Holmes and John Does 1-3 violated Plaintiffs' rights protected by the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures.

27. As a direct and proximate cause of that conduct, Plaintiffs suffered damages, including emotional distress.

## THIRD CAUSE OF ACTION
(Denial of Equal Protection - 42 U.S.C. § 1983)

28. The conduct of Defendant Holmes, as described herein, violated Plaintiffs' right to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

29. As a direct and proximate result of the actions of Defendant, Plaintiffs Polk and Cook suffered damages, including emotional harm.

**WHEREFORE,** Plaintiffs seek judgment for compensatory damages against Defendant Holmes, Defendant John Does 1-3 and Albemarle County in an amount to be determined by a jury or the Court . Plaintiffs also seek punitive damages against Defendant Holmes in an amount to be determined by a jury or the Court and such other and further relief as the Court may deem appropriate. Plaintiffs also seek reasonable attorneys fees and costs against Defendant pursuant to 42 U.S.C. § 1988.

                                                  Respectfully submitted,
                                                  DELMAR CANADA and
                                                  BIANCA JOHNSON
                                                  By Counsel

s/ Jeffrey E. Fogel
Jeffrey E. Fogel
913 E. Jefferson Street
Charlottesville, VA   22902
phone:  (434) 984-0300
fax:  (434) 220-4852
e-mail: jeff.fogel@gmail.com

Steven D. Rosenfield
913 E. Jefferson Street
Charlottesville, VA   22902
phone:  (434) 984-0300
fax:  (434) 220-4852
e-mail:  attyrosen@aol.com

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

                                                  s/Jeffrey E. Fogel
                                                  Jeffrey E. Fogel

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send information of such filing to the following:

Jim H. Guynn, Jr.
Bret C. Marut
Guynn & Waddell, P.C.
415 S. College Avenue
Salem, VA 24153

s/ Jeffrey E. Fogel
Jeffrey E. Fogel