```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF VIRGINIA
                     CHARLOTTESVILLE DIVISION

    ***************************************************

    BIANCA JOHNSON and
    DELMAR CANADA,
                    Plaintiffs,


    vs.                              Case No. 3:16cv16


    ANDREW HOMES, JOHN DOES 1-3,
    and ALBEMARLE COUNTY,

                    Defendants.

    ***************************************************


                    ZOOM VIDEO CONFERENCE

                 DEPOSITION OF DARRELL BYERS

                    10:00 a.m. - 10:25 a.m.

                         July 10, 2020









    Job No. 42977

              REPORTED BY: Darlene Joy Owings, CCR
```

ORIGINAL

(434) 293-3300
www.cavalier-reporting.com

Reported by Darlene J Owings
Cavalier Reporting & Videography

(800) 972-1993
info@cavalier-reporting.com

Case 3:16-cv-00016-NKM-JCH   Document 132-2   Filed 12/21/20   Page 2 of 7   Pageid#: 1026

Job # 42977

Johnson et al v Holmes
Darrell Byers

Page 5
7/10/2020

```
 1      A.    I believe that to be correct.
 2      Q.    And today you're being represented by
 3   Ms. Farley; is that correct?
 4      A.    I believe that to be correct, yes.
 5      Q.    To your knowledge, when did your
 6   representation by Mr. Guynn end?
 7      A.    I have no idea.
 8      Q.    But he was your lawyer, correct?
 9      A.    Yes.
10      Q.    But you don't know when he was your
11   lawyer?
12      A.    I don't know when it ended.  I think
13   that's what your question was, is when.
14      Q.    In any event, did you have anything --
15   are you familiar with generally the case that
16   we're here for in which Officer Holmes is being
17   charged with racial profiling?  You're familiar
18   with that, aren't you?
19      A.    Generally, yes.
20      Q.    And you played some role in obtaining
21   documents in connection with discovery in this
22   case; did you not?
23      A.    That is correct.
24      Q.    Were you, in fact, the liaison between
25   the attorney for Mr. Holmes and the police
```

(434) 293-3300
www.cavalier-reporting.com

Reported by Darlene J Owings
Cavalier Reporting & Videography

(800) 972-1993
info@cavalier-reporting.com

```
 1      department for the purpose of collecting
 2      documents?
 3           A.     That is correct.
 4           Q.     Now do you recall the first document
 5      you were asked to create?
 6           A.     I believe there were several documents
 7      that we were asked to create.
 8           Q.     Okay.  Well, let's do the ones at least
 9      that I have.
10           A.     Okay.
11           Q.     I'm holding up a document that's
12      titled -- I hope you can see it.
13                  The other lawyers have copies, correct?
14      And the reporter should have a copy of this as
15      well, which I forwarded to Larry.
16                  MR. GUYNN:  Mine has Exhibit 1 in the
17             bottom left-hand corner.
18                  MR. FOGEL:  Great.  Yes.  Exactly.
19      BY MR. FOGEL:
20           Q.     Captain, do you have this in front of
21      you?
22           A.     I don't.  But if you tell me what it is
23      I can see if I can retrieve it.
24           Q.     Well, I want to ask you what it is.
25                  Can you see it?
```

Case 3:16-cv-00016-NKM-JCH   Document 132-2   Filed 12/21/20   Page 4 of 7   Pageid#: 1028

Job # 42977

Johnson et al v Holmes
Darrell Byers

Page 11
7/10/2020

1   the number of requests that were sent over.  I
2   don't necessarily find that particular document
3   right now that's requesting this information.
4           Q.   Do you think there was a written
5   request to you for the preparation of this
6   document?
7           A.   I wouldn't see the need to prepare it
8   otherwise.
9           Q.   I'm sorry?
10          A.   I wouldn't see the need to prepare the
11  document if there wasn't a written request to.
12          Q.   Who are you getting the requests from,
13  Mr. Guynn?
14          A.   Yes.  Most of my requests came from
15  Mr. Guynn, yes.
16          Q.   Now you didn't actually prepare this
17  document, did you?
18          A.   No.
19          Q.   Who did you ask to prepare the
20  document?
21          A.   Our crime analyst.
22          Q.   And her name was Ms. Zawitz at the
23  time?
24          A.   That is correct.
25          Q.   Did you prepare a memo to Ms. Zawitz to

(434) 293-3300
www.cavalier-reporting.com

Reported by Darlene J Owings
Cavalier Reporting & Videography

(800) 972-1993
info@cavalier-reporting.com

```
 1   tell her what it is you wanted her to prepare?
 2        A.    I did not.
 3        Q.    You talked to her orally, correct?
 4        A.    That would be correct.
 5        Q.    Good.  What did you tell her?
 6        A.    That was over three years ago.  I
 7   cannot recall that information, but it would have
 8   had to been what was requested on paper.
 9        Q.    But you don't know what was requested?
10        A.    No, sir.  I don't have that --
11        Q.    You don't know where the paper is?
12        A.    I don't have that in front of me, no,
13   sir, I do not.
14        Q.    Is there any other paper trail within
15   the Albemarle Police Department that would
16   indicate what was requested, what was produced by
17   the crime analyst, and what was presented back to
18   Mr. Guynn?
19        A.    Are there any other documents that
20   would --
21        Q.    Yes, in the police department.  Is
22   there any other possible way that we can track
23   this in writing that a request was made by you to
24   prepare a document, what that request was, your
25   request to Ms. Zawitz to prepare the document, her
```

```
 1   response back to you, and your response back to
 2   Mr. Guynn; is there any paper trail to any of
 3   those responses to your knowledge?
 4        A.    No, sir.
 5        Q.    Other than, of course, you said you
 6   wouldn't have prepared it unless there was a
 7   writing to you, correct?
 8        A.    Unless there was a request.
 9        Q.    Right.
10        A.    I don't have the request in front of
11   me, if that makes it more simple for you to
12   understand.
13        Q.    But what was important is that you said
14   you wouldn't have prepared it unless there was a
15   written request; is that correct?
16        A.    That is correct.
17        Q.    Okay.  And so you don't -- just to
18   finish this off -- you don't know what this
19   document represents, the one we've just been
20   looking at that's marked Plaintiff's Exhibit No. 1
21   in the bottom left-hand corner?
22        A.    It represents the number of traffic
23   stops conducted by year.  I think your question
24   was, by whom.  And I don't know by whom.
25        Q.    Okay.  Well, underneath that it says
```

(434) 293-3300
www.cavalier-reporting.com

Reported by Darlene J Owings
Cavalier Reporting & Videography

(800) 972-1993
info@cavalier-reporting.com

1  says Data Request, Numbers for Sector 1 and 2.
2     Q.    Right. But you don't know what that
3  document represents. You don't even know what the
4  word citations mean on that document, correct?
5     A.    That would be Jenny's (audio break).
6  So I think it would be best to be defined by
7  Jenny.
8     Q.    Okay. I will. But she gave you this
9  document back, didn't she? She gave you this
10 document. And you then gave it to Mr. Guynn, as
11 with the other documents, correct?
12    A.    That's correct.
13    Q.    When you looked at the document, having
14 received it from Ms. Zawitz, did you ask her any
15 questions about what anything meant on the
16 document?
17    A.    I didn't. I don't recall.
18    Q.    Did you look at the document?
19    A.    I don't recall.
20    Q.    Well, back in 2016, did you know what
21 the term citations meant?
22    A.    I don't recall.
23           (Whereupon, Exhibit 3 was introduced.)
24           MR. FOGEL: Okay. I have no other
25 questions.

(434) 293-3300
www.cavalier-reporting.com

Reported by Darlene J Owings
Cavalier Reporting & Videography

(800) 972-1993
info@cavalier-reporting.com