IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| BIANCA JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:16cv16 |
| | ) | |
| ANDREW HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RODNEY HUBBARD, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | Case No. 3:16cv18 |
| | ) | |
| ANDREW HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO ADMISSIBILITY OF COMPARATOR CHART**

It remains unclear what the comparator table represents. In response to the Court's order of February 4, 2020, Plaintiffs issued a subpoena duces tecum asking the Albemarle County Police Department to create a list of aggregate traffic summonses. The County did not have documents that were responsive to Plaintiffs' request. The County took the position that the rules of civil procedure do not require it to prepare documents such as lists. Recipients of subpoenas are only required to provide documents that exist. The County's answer suggests that the comparator table that it previously produced is not the list that Plaintiffs now seek. Plaintiffs then deposed the two persons responsible for creating the comparator table. Captain Byers and former crime analyst Zawitz could not remember how it was created.

It would appear that the best way for Plaintiffs to determine what the comparator table represents is to review the data regarding traffic summonses that Albemarle County maintains. In fact, defense counsel attempted to apprise Plaintiffs of that possibility in his March 5, 2020 letter to the Court (ECF 123). While Plaintiffs state in their brief that defense counsel "represented that the 'Department will review all traffic summonses with the time frame and hand sort them based on sector,'" counsel misstates the letter by taking the statement out of context. In the letter defense counsel recounted his conversation with Plaintiffs' counsel and acknowledged that the County recognizes that one alternative could be production of copies of traffic summonses that fit his request. But Plaintiffs' counsel never made the request. Accordingly, the County did not undertake the production of those records.

Of course, production of the pertinent documents would be extremely time consuming and burdensome. As noted in counsel's March 5, 2020 letter, the Department would have to review all the traffic summonses in the time frame and hand sort them based on the sector in which the summons was issued. Plaintiffs should bear the cost for such a production. Rather than accepting what was handed to him, Plaintiffs' counsel would then be able to hire someone to sort the information and arrange it to his liking. In the absence of a review of the individual summons, it would be impossible for anyone to create a document that they can swear is accurate. Accordingly, at this stage of the proceedings, Plaintiffs cannot show whether or not the comparator table represents all applicable traffic summonses or that it represents only traffic summonses.

**Distinguishable legitimate enforcement factors.**

Prior to trial, Plaintiffs did not identify an expert to interpret statistics that Plaintiffs planned to offer as evidence at trial. As a result, Defendant did not incur the expense of an

expert for two reasons. First, there was no need to rebut an expert from the Plaintiffs. Second, Defendant believed that Plaintiffs would be unable to prove a prima facie case without an expert and therefore decided to avoid the expense of an expert.

As expected, this Court granted Defendant's motion in limine to exclude the statistics as evidence of discriminatory effect partly on the grounds that Plaintiffs did not identify an expert to explain the statistics. Memorandum Opinion dated March 19, 2018 (ECF 84). At trial, the Court granted a Rule 50 motion based on Plaintiffs' failure to establish a statistical prima facie case.

To the extent that Plaintiffs bear the burden of proving that there were no distinguishable legitimate enforcement factors that explain the alleged statistical discrepancy, Plaintiffs will need an expert witness. Of course, Plaintiffs won't reach that point unless they are able to show what the comparator table represents. Defendant is not required to offer his own distinguishable legitimate enforcement factors until Plaintiffs establish the prima facie case. At this point, Plaintiffs have failed to establish that case. To the extent the Defendant will need expert testimony to establish distinguishable legitimate enforcement factors, Defendant requests that the Court not require him to produce that information unless and until Plaintiffs have satisfied the requirements of the prima face case with regard to the statistical evidence. In other words, Defendant requests that he not be required to incur the cost of an expert witness unless the Plaintiffs satisfy their burden in this case.

                ANDREW HOLMES

                By:<u>/s/ Jim H. Guynn, Jr.</u>
                Jim H. Guynn, Jr. (VSB # 22299)
                Guynn, Waddell, Carroll & Lockaby, P.C.
                415 S. College Avenue
                Salem, Virginia 24153
                Phone: 540-387-2320

Fax:   540-389-2350
Email: jimg@guynnwaddell.com
*Counsel for Defendant Andrew Holmes*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 5th day of January, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jeffrey E. Fogel, Esq.
913 E. Jefferson Street
Charlottesville, VA 22902
email:  jeff.fogel@gmail.com
*Counsel for Plaintiffs*

                                           Jim H. Guynn, Jr. (VSB # 22299)
                                           Guynn, Waddell, Carroll & Lockaby, P.C.
                                           415 S. College Avenue
                                           Salem, Virginia 24153
                                           Phone: 540-387-2320
                                           Fax:   540-389-2350
                                           Email: jimg@guynnwaddell.com
                                           *Counsel for Defendant Andrew Holmes*