IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **BIANCA JOHNSON, et al.,** | : | |
| Plaintiffs, | : | |
| | : | Case No. 3:16-cv-00016 |
| v. | : | |
| **ANDREW HOLMES,** | : | |
| Defendant. | : | |
| | | |
| **RODNEY HUBBARD, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | |
| **ANDREW HOLMES** | : | |
| Defendant. | : | |

**PLAINTIFFS' REPLY MEMO IN FURTHER SUPPORT OF THEIR
MOTION TO PRECLUDE THE DEFENDANT'S EXPERT REPORT**

**I.   DEFENDANT OFFERS NO EXCUSE FOR HIS LAST MINUTE EFFORTS TO REOPEN DISCOVERY.**

Defendant offers no explanation for the dilatory production of his proposed expert witness identification and report. As Defendant notes (Defendant's Memorandum ("DB") at 3), at the hearing in which the Court ruled that the chart of other officers only included traffic summonses, Defendant advised the court that he would likely call an expert. That was February 8, 2021, eight months ago. (Dkt. 136). Indeed, Defendant acknowledges that it was the decision

of the Court of Appeals that required counsel to change strategy and devise a new plan to provide evidence to support of Defendant's case. (DB at 3). That decision was rendered on May 7, 2019, two and a half years ago.

Defendant claims that so long as he complied with the provision of R. 26 to file his expert report at least 90 days before trial, there is no prejudice to Plaintiff, especially since Plaintiff has 30 days to respond. Of course, Plaintiff has the right to depose Defendant's expert before his own expert prepares a report and Defendant has the same right with respect to Plaintiff's expert. In addition, there are certain facts underlying Defendant's proposed expert report which were obtained from the Albemarle Police Department and which would need to be explored. There can be little argument that the late production of the expert report will prejudice Plaintiff.

## II. DEFENDANT MISSTATES THE HOLDING OF THE FOURTH CIRCUIT.

The Fourth Circuit held that if the chart of other officers reflected only traffic summonses, Plaintiff had established his "similarly situated" requirement as a matter of law. (Dkt. 105 at 30). In doing so, the court rejected Defendant's proposed "enforcement factors" as speculative and lacking any factual basis in the record. Nonetheless, the court did acknowledge that Defendant would be permitted to adduce facts to support those enforcement arguments at trial. (Dkt. 105 at 24). Apparently, Defendant does not have such evidence and instead has now embarked on another theory but, again, without a factual basis on its face or in the record.[1]

---

[1] Defendant does not address the fact that the premises of his expert, that (1) somehow officers who work less than 199 hours in a particular sector in 2015 wrote proportionally fewer traffic summonses to African-Americans and (2) those who work the midnight shift write fewer summonses to African-Americans, are neither apparent in the statistics themselves nor based on any other evidence in the record.

## CONCLUSION

For the foregoing reasons as well as those advanced in Plaintiffs' initial Memorandum, this Court should preclude Defendant from reopening discovery and from identifying an expert at this late date.

Respectfully submitted,
Bianca Johnson, Delmar Canada,
Rodney Hubbard and Savannah Hubbard

By Counsel

/s/
Jeffrey E. Fogel
913 E. Jefferson Street
Charlottesville, VA 22902
(434) 984-0300
jeff.fogel@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 19, 2021, the within Memo was served on Defendant by filing the same with the Court's ECF system which will give notice to all attorneys of record.

s/
Jeffrey E. Fogel