IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| BIANCA JOHNSON, et al., )<br>    Plaintiffs, ) | Civil Action No. 3:16cv00016 |
| )<br>v. )<br>) | ORDER |
| ANDREW HOLMES, )<br>    Defendant. ) | By:   Joel C. Hoppe<br>         United States Magistrate Judge |

This matter is before the Court on "Plaintiffs' Motion to Preclude Defendant from *Sua Sponte* Reopening Discovery," ECF No. 140, which follows Defendant's service of a new expert report on October 11, 2021. Under the operative Amended Scheduling Order, ECF No. 42 (Feb. 23, 2017), Defendant was required to produce such expert report no later than April 24, 2017. *See* Fed. R. Civ. P. 26(a)(2)(D). Discovery in this case closed on August 21, 2017, *id.*, before the original jury trial was held in late March 2018. The Fourth Circuit remanded the case for additional fact finding in October 2019. ECF No. 109.

On February 4, 2020, the presiding District Judge ordered that "discovery be reopened for sixty (60) days to gather evidence on the following discrete factual issues: 1) whether the Comparator Table reflects summonses issued during both traffic stops and calls for service, or just those issued during traffic stops; and 2) whether there are 'distinguishable legitimate enforcement factors' that justify making different enforcement decisions between Plaintiffs and the white drivers reflected in ACPD's statistics." ECF No. 120 (emphasis and footnote omitted). I later extended this 60-day deadline to August 7, 2020. *See* ECF No. 128.

During a status conference with the presiding District Judge on February 8, 2021, Defendant's counsel indicated that he may want an expert witness to interpret ACPD's statistics. The Court stated its understanding that the reopened period for limited "discovery had closed"

1

and asked counsel for both parties if they shared this understanding. *See also* Order of Dec. 8, 2020 (noting "Plaintiffs advised the Court of completion of discovery on these issues" and that, "without further response from Defendant," it was appropriate to set a briefing schedule for "each party [to] address these issues as well as any relief sought, or further proceedings requested," and that "[e]ach party should . . . request to supplement the record with any and all relevant discovery on these issues," which must be attached to their briefs), ECF No. 131. Defendant's counsel responded that he viewed his potential expert witness "as discovery on this particular issue, but [he] assume[d] that the case was going to be set sometime in the future and that we would have a discovery cutoff at that point." Plaintiffs' counsel stated that he was not awaiting an answer to "any outstanding discovery requests on the factual issues" involved in the reopened period for limited discovery. Based on those representations, the Court responded that it "look[ed] like discovery is closed" and that the case should be set for retrial in late 2021 or early 2022. If Defendant's counsel still wanted to "get[] an expert to opine on the meaning of the statistics," then he was "required to request [such] permission from the Court" by written motion.

Defendant's counsel did not file a written motion to reopen limited discovery, including for purposes of naming an expert witness under Rule 26(a)(2), before serving his expert report on October 11, 2021. *See* ECF No. 142. On November 12, 2021, in his response to Plaintiffs' motion, Defendant asked "the Court to consider [his response brief] a motion to reopen discovery to allow Defendant to identify an expert." *Id.* at 3. With trial scheduled to begin on January 10, 2022, Defendant's request is not timely. It comes more than a year after the period for limited discovery closed and more than nine months after the presiding District Judge's admonishment. Under these circumstances, I cannot find good cause, weighing Defendant's diligence and prejudice to Plaintiffs, to grant Defendant's request. *See* Fed. R. Civ. P. 16(b);

*Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012); *Ademiluyi v. Pennymac Mortg. Inv. Trust Holdings I, LLC*, Civ. No. 12-0752, 2015 U.S. Dist. LEXIS 16386, at *12 (D. Md. Feb. 10, 2015). Accordingly, I decline Defendant's request to reopen discovery. Plaintiffs' motion, ECF No. 140, is hereby GRANTED.

    It is so ORDERED.

ENTERED: December 9, 2021

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge