IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BIANCA JOHNSON, et al., : | |
| : | |
| Plaintiffs, : | |
| : | Case No. 3:16-cv-00016 |
| v. : | |
| : | |
| : | |
| ANDREW HOLMES, : | |
| : | |
| Defendant. : | |
| : | |
| : | |

**PLAINTIFFS BIANCA JOHNSON, DELMAR CANADA, RODNEY HUBBARD AND SAVANNAH HUBBARD'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DECONSOLIDATE THE ABOVE MATTERS FOR TRIAL**

## INTRODUCTION

Because there are common questions of fact and law, this Court granted Plaintiffs' motion to consolidate five separate cases against Andrew Holmes. (Dkt. 163). Prior to that motion, Defendants sought additional discovery time in the Johnson/Canada and Hubbard cases in order to identify an expert and submit an expert report. That request was denied. (Dkt. 150). Instead, the Defendant sought a new scheduling order, principally to identify an expert and submit a report. (Dkt. 165).[1] Defendant premised his argument on the fact that the discovery deadline had not passed in Harris and Grady when the Court entered a stay. (*Id.*) As Defendant acknowledges, the discovery deadline and the deadline for identifying an expert in the Polk/Cook case had expired as had those in the Johnson/Canada and Hubbard cases. (Dkt. 165 ¶¶3, 6).

---

[1] All Plaintiff have been deposed and answered written discovery.

Thus, according to Defendant, "[a]t the very least Defendants should be allowed the remaining time under the scheduling orders in Grady and Harris to complete discovery and identify experts." (Dkt. 165, ¶6). In response to Defendant's motion, this Court entered a new scheduling order allowing additional discovery, including identification of an expert and submission of his report.

I. **PLAINTIFFS JOHNSON/CANADA AND THE HUBBARDS WILL BE PREJUDICED BY CONTINUING T HIS AS A CONSOLIDATED CASE.**

Plaintiffs Johnson/Canada and the Hubbards and will be severely prejudiced if Defendant in a consolidated trial can introduce an expert that was specifically rejected by this Court. If would also be unfair to the Polk/Cook plaintiffs where the period for identifying experts and completing discovery had been allowed to expire by Defendant before a stay was entered. There is no way a jury can be expected to hear a report about Plaintiffs' statistics in two or three cases and ignore it in the others.

II. **THIS COURT HAS DISCRETION TO CONSOLIDATE OR DECONSOLIDATE CASES FOR GOOD REASON AND JUSTICE REQUIRES DOING SO IN THIS CASE.**

R. 42, Fed. R. Civ. P. provides discretion to the district court to consolidate actions for trial where the actions before the court involve a common question of law or fact. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). "The critical question [is] whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative

expense to all concerned of the single-trial, multiple-trial alternatives." *Arnold v. Easterner Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *on reh'g*, 712 F.2d 899 (4th Cir. 1983). In this case, prejudice to some Plaintiffs and confusion to the jurors would result from the introduction of an expert report against some but not all Plaintiffs. Those two concerns trump any gain in judicial economy and convenience. *Cf. McCormack v. Campus Crest Group, LLC*, 3:10-CV-366, at *6-7 (W.D.N.C. Feb. 4, 2011) ("The Court is well aware that consolidation of these cases would serve judicial economy and convenience, in that some of the defendants and witnesses will be the same, resulting in saving both time and resources. For the reasons outlined above, however, the Court finds that the potential confusion to the jurors and prejudice to the defendants outweighs any such judicial economy and convenience that would result from consolidation."). In this instance, due to the availability of evidence against some Plaintiffs but not others, the prejudice is palpable. Justice would not be served by maintaining consolidation of all these cases for trial.

## CONCLUSION

For the foregoing reasons, the Court should deconsolidate the cases for trial so that there would be two trials, one for Johnson/Canada, the Hubbards, Leon Polk and Malcolm Cook and a subsequent one for Gory Grady and Sergio Harris..

        Respectfully submitted,
        BIANCA JOHNSON, DELMAR
        CANADA, RODNEY SAVANNAH
        HUBBARD, LEON POLK AND
        MALCOLM COOK
        By counsel

s/Jeffrey E. Fogel
Jeffrey E. Fogel
913 E. Jefferson Street
Charlottesville, VA   22902
phone:  (434) 984-0300
fax:  (434) 220-4852
e-mail: jeff.fogel@gmail.com