IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BIANCA JOHNSON, et al., )<br>)<br>Plaintiffs, )<br>v. )<br>ANDREW HOLMES, )<br>)<br>Defendant. ) | Case No. 3:16cv16 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO DECONSOLIDATE**

Defendants Andrew Holmes and Casey Mikus, by counsel, submit this memorandum in opposition to Plaintiffs' motion to deconsolidate these cases for trial.

**The cases are appropriate for consolidation.**

Circumstances change as litigation progresses. The Plaintiffs in two of the five lawsuits initially moved for consolidation of the Johnson and Hubbard cases against Defendant Holmes on December 9, 2021. The Court denied the motion because it was too close to the scheduled trial date of January 10, 2022. The Court recognized that there was simply not sufficient time for the Defendant to prepare for the consolidated trial.

After continuance of the January 10, 2022 trial date, Plaintiffs made a motion for consolidation of four cases against Holmes and one against Holmes and Mikus at a status conference. The Court determined that the cases met the standard for consolidation and granted Plaintiffs' motion. The Plaintiffs now seek to undo the consolidation that the Court granted at their request. None of the factors that the Court cited in granting the motion for consolidation have changed. Accordingly, the Court should deny the motion.

1

Plaintiffs argue that the Court's entry of a scheduling order for the consolidated cases prejudices some of the Plaintiffs. Plaintiffs contend that they will be prejudiced by the scheduling order's provision allowing Defendants to identify expert witnesses. Plaintiffs' argument misapplies the concept of prejudice in federal litigation.

Prejudice takes into account the rights of parties. 8 Moore's Federal Practice Civil Section 42.10[5][d]. "A party may be prejudiced when the claims or defenses particular to that party are substantially different from the other consolidated claims and management of the consolidated case is vested in lead counsel, whose efforts are likely to focus on the interest of the majority, thereby depriving the minority of full discovery and preparation." *Id*. Consolidation has been found prejudicial to a party when parties in the related action are subject to an arbitration agreement and the party resisting consolidation is not. *Id*. Prejudice may be caused by the disclosure of information, such as the extent of insurance coverage, the extent of other lawsuits, or offers of settlement. *Id*. Plaintiffs do not argue a deprivation of rights as prejudice in this case. Rather, Plaintiffs argue that the Defendants will be able to rely on expert testimony if they so choose and the Plaintiffs will have to decide whether or not to respond to the expert testimony with an expert of their own. Plaintiffs have been given plenty of time in the scheduling order to obtain an expert. In fact, Plaintiffs' counsel has been in possession of a report from a potential expert for the Defendants since October 11, 2021. There is no prejudice to any Plaintiff under the circumstances.

Plaintiffs further assert jury confusion as a basis to deconsolidate. Plaintiffs' argument is based upon a faulty understanding of the pretrial order. Defendants moved for the scheduling order in all of the cases. The Court granted the motion and entered the scheduling order in all of the cases. Therefore if the Defendants name an expert in all of the cases, there will be no jury

confusion because the expert's testimony will apply in all of the cases. The Court originally precluded Defendant in the Johnson case from calling an expert because discovery was closed and Plaintiffs Johnson and Canada would not have sufficient time to obtain their own expert if the Court reopened discovery. Under the current circumstances, the Court determined that a scheduling order with a deadline for Defendants to identify experts in all the cases is appropriate. The Court provided in the scheduling order that the Plaintiffs would have sufficient time in which to respond to a potential expert report.

The Court's entry of the scheduling order does not prejudice any of the Plaintiffs and consolidation remains appropriate for the trial that is scheduled for September 12, 2022. For these reasons, Defendants respectfully request that the Court deny the motion to deconsolidate the trials, or, in the alternative, that the Court leaves the scheduling order in place for the case(s) that the Court decides to try on September 12, 2022.

ANDREW HOLMES and CASEY MIKUS

By: /s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB #22299)
Julian F. Harf (VSB #90775)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
            julianh@guynnwaddell.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 25th day of April, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jeffrey E. Fogel, Esq.
913 E. Jefferson Street
Charlottesville, VA 22902
jeff.fogel@gmail.com
*Counsel for Plaintiffs*

/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB #22299)
Julian F. Harf (VSB #90775)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
         julianh@guynnwaddell.com
*Counsel for Defendant*

4