IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| BIANCA JOHNSON, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:16cv16 |
| | ) | |
| ANDREW HOLMES, | ) | |
|     Defendant. | ) | |
| LEON POLK, et al. | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:16cv17 |
| | ) | |
| ANDREW HOLMES, | ) | |
|     Defendant. | ) | |
| RODNEY HUBBARD, et al. | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:16cv18 |
| | ) | |
| ANDREW HOLMES, | ) | |
|     Defendant. | ) | |
| CORY GRADY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17cv62 |
| | ) | |
| ANDREW HOLMES, | ) | |
|     Defendant. | ) | |
| SERGIO HARRIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17cv79 |
| | ) | |
| ANDREW HOLMES, et al., | ) | |
|     Defendants. | ) | |

## DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

Defendant Andrew Holmes moves the Court as follows:

1. On September 10, 2022, counsel for Plaintiffs and counsel for Defendant concluded negotiations and agreed on the terms of a settlement of this case. The attorneys reduced the settlement to a release and agreed upon its terms.

2. The attorneys agreed that the self-insured liability pool providing coverage to the Defendant would make a lump sum payment to Plaintiffs' counsel as attorney for all the Plaintiffs in settlement of the claims of every Plaintiff in the consolidated civil actions and any claim for attorney's fees. Plaintiffs' counsel represented that all of the Plaintiffs were in agreement with the amount of the settlement and the process for payment.

3. Plaintiff Rodney Hubbard subsequently submitted a handwritten letter to Judges Moon and Hoppe in which he advised the Court that he did not agree to the settlement. (ECF #239.)

4. Defendant is not willing to settle the case piecemeal. That is, the settlement must release the Defendant from the claims of all of the Plaintiffs. Accordingly, Defendant seeks enforcement of the settlement.

5. A motion to enforce a settlement agreement is an action for specific enforcement of a contract. The general principle is that a settlement agreement, voluntarily entered into, cannot be repudiated by either party and will be summarily enforced by the court. *United States ex rel. McDermitt, Inc. v. Centex-Simpson Construction Co.*, 34 F. Supp. 2d 397 (N.D. W.Va. 1999).

6. As a general rule, counsel of record have the apparent authority to settle litigation on behalf of their client. *Moore v. Beaufort County, N.C.*, 936 F.2d 159, 163 (4th Cir. 1991). In

this case, counsel for the Plaintiff did not indicate that he had limited authority for settlement and specifically advised that the agreed-upon settlement amount was acceptable to all of his clients.

7.  This Court has jurisdiction to enforce the settlement in this case. *Cotten & Selfon v. Charnock*, 10 Fed. Appx. 70, 75 (4th Cir. 2001) (noting that previous decisions of the Fourth Circuit finding that the district court did not have jurisdiction to enforce the settlement were based upon the entry of a final order in which the district court did not retain jurisdiction over enforcement of the settlement agreement). There has not been a final order entered in this case.

8.  In determining whether or not to enforce a settlement agreement, a district court should engage in two distinct inquiries. First, the court should ascertain whether the parties have in fact agreed to settle the action. Once the court determines that the parties have agreed to settle, the court must discern the terms of that settlement. *Silicon Image, Inc. v. Genesis Microchip, Inc.*, 271 F. Supp. 2d 840, 847 (E.D. Va. 2003). It is clear that the parties agreed to settle on specific terms.

9.  When an agreement for complete settlement of the underlying litigation has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is "comparatively insubstantial." *Millner v. Norfolk & Western Railway Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981). In this case it appears that one of the Plaintiffs changed his mind after authorizing his counsel to enter into the settlement. A change of mind is comparatively insubstantial.

WHEREFORE, there is no dispute that counsel for all of the parties settled the litigation on agreed-upon terms and the Court should, therefore, enforce the settlement.

                                                 ANDREW HOLMES

                                                 By __/s/__ Jim H. Guynn, Jr.
                                                 Jim H. Guynn, Jr. (VSB # 22299)

>Julian F. Harf (VSB #90775)
>Guynn, Waddell, Carroll & Lockaby, P.C.
>415 S. College Avenue
>Salem, Virginia 24153
>Phone: 540-387-2320
>Fax:    540-389-2350
>Email: jimg@guynnwaddell.com
>           julianh@guynnwaddell.com
>*Counsel for Defendant Andrew Holmes*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 23rd day of September, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jeffrey E. Fogel, Esq.
913 E. Jefferson Street
Charlottesville, VA 22902
jeff.fogel@gmail.com
*Counsel for Plaintiffs*

>/s/   Jim H. Guynn, Jr.
>Jim H. Guynn, Jr. (VSB #22299)
>Julian F. Harf (VSB #90775)
>Guynn, Waddell, Carroll & Lockaby, P.C.
>415 S. College Avenue
>Salem, Virginia  24153
>Phone: 540-387-2320
>Fax:    540-389-2350
>Email: jimg@guynnwaddell.com
>           julianh@guynnwaddell.com
>*Counsel for Defendant Andrew Holmes*

4