IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| RODNEY HUBBARD & | ) | |
| SAVANNAH HUBBARD | ) | Civil Action No. 3:16-cv-00018 |
| Plaintiffs, | ) | Filed in Case No. 3:16-cv-00016 |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| ANDREW HOLMES, | ) | By:   Joel C. Hoppe |
| Defendant. | ) | United States Magistrate Judge |
| | ) | |

This matter is before the Court on a motion filed by Jeffrey E. Fogel, Esq., to withdraw as counsel of record for Plaintiff Rodney Hubbard in *Hubbard v. Holmes*, No. 3:16cv18 (W.D. Va.), which is consolidated with four related cases under the caption *Johnson v. Holmes*, No. 3:16cv16 (W.D. Va.). Mot. to Withdraw, ECF No. 242. On October 4, 2022, I held a hearing on the record at which Mr. Fogel, Mr. Hubbard, and counsel for Defendant Andrew Holmes appeared by live video feed. At the end of the hearing, I found that Mr. Fogel faced an actual concurrent conflict of interest and, as such, I would allow him to withdraw from representing Mr. Hubbard in this matter. This Memorandum Opinion & Order memorializes those findings and further explains my conclusions.

I. Background

There are eight Plaintiffs across these five cases, and Mr. Fogel has represented each of them since 2016–2017. In March 2022, I conducted confidential settlement conference proceedings with the parties. *See* ECF Nos. 163 (referring case for settlement conference), 166 (scheduling confidential settlement conference), 167–169, 171–74. The case did not settle at that time. A long-awaited jury trial was set to begin at 9:30 a.m. on Monday, September 12, 2022. ECF No. 170 (Mar. 4, 2022). On September 7, Holmes and his attorney expressed renewed

1

interest in settling the cases. I spoke separately with counsel for the parties that afternoon, ECF Nos. 230, 231, and throughout the day on September 8, *see* ECF Nos. 233, 234, 236, 237. According to Mr. Fogel, "[a]s a result of an offer of settlement from the defendant, plaintiffs all agreed to certain authority for [him] to settle the matter and also agreed to a distribution [of funds] among them should settlement be reached." Decl. of Jeffrey E. Fogel, Esq. ¶ 2 (filed Sept. 16, 2022), ECF No. 242-1. I held a status conference call with both counsel at 11:00 a.m. on Friday, September 9. *See* ECF No. 235. I also spoke separately with each attorney throughout the day.

According to Mr. Fogel, the parties "essentially settled the case . . . subject to a few remaining nonmonetary issues" on Friday, September 9. Fogel Decl. ¶ 3. "Even before settlement was reached, [Mr. Fogel] emailed Mr. Hubbard about the status of [the] negotiations" and informed his client that he "would not settle until the agreement would allow for [Mr. Hubbard] to get the portion of the settlement that he demanded." *Id.* ¶ 4. "[L]ate Friday, [Mr. Fogel] emailed all of the plaintiffs that we had settled on an amount[] and explained the outstanding non-monetary issues." *Id.* ¶ 5. "Mr. Hubbard immediately responded asking if fees would be added or deducted from the settlement. [Mr. Fogel] advised him that he would receive his portion of the settlement without deduction." *Id.* ¶ 6.

"On Saturday, September 10, 2022, [the parties] finalized the settlement and agreed on the terms of a release." *Id.* ¶ 7. With both attorneys' consent, the Clerk's Office canceled the jury trial and notified prospective jurors that they did not need to come to federal courthouse in Charlottesville on Monday morning. *See* ECF No. 238 (Sept. 10, 2022). "That same day, Mr. Hubbard sent an email to all of the plaintiffs [stating] that he would not accept the settlement and making a demand for an amount far in excess of the agreed to settlement." Fogel Decl. ¶ 8. On

2

Monday morning, Mr. Hubbard came to the Charlottesville Clerk's Office and wrote a letter to the Court stating that he "did not agree with the terms of release in [his] case" and that he wanted "to get back on the docket for jury trial" because he thought it "was very bias and unethical to be forced to accept a settlement." ECF No. 239.

Mr. Fogel filed his motion to withdraw and supporting declaration on September 16, 2022. From his perspective, "[s]even plaintiffs want to settle this case and one, Mr. Hubbard, does not." Fogel Decl. ¶ 8. He also anticipated that Holmes would "shortly be moving to enforce the settlement" against all eight of his clients. *Id.* ¶ 9. This put Mr. Fogel "into an unresolvable conflict" because he "cannot represent the seven who want the settlement to go through as well as Mr. Hubbard who does not want the settlement to be enforced." *Id.* ¶ 9. Thus, Mr. Fogel seeks leave to withdraw "as Mr. Hubbard's counsel so that [Mr. Fogel] can represent the seven clients who want to settle and Mr. Hubbard can assert his own opposition to that settlement." *Id.* ¶ 10.

Holmes filed his "Motion to Enforce Settlement" on September 23.[1] ECF No. 243. He asserts that on September 10, the parties, through their counsel, reached a binding agreement in which "the self-insured liability pool providing coverage to [Holmes] would make a lump-sum payment to Plaintiff's counsel as attorney for all the Plaintiffs in settlement of the claims of every Plaintiff in the consolidated civil actions and any claim for attorney's fees." *Id.* ¶ 2. Holmes "is not willing to settle the case[s] piecemeal. That is, the settlement must release [him] from the claims of all the Plaintiffs," Mr. Hubbard included. *Id.* ¶ 4. Otherwise, everyone must go to trial.

---

[1] This motion has been referred to me for an evidentiary hearing and report and recommendation. ECF No. 247. As I explained at the October 4 hearing, I am not addressing the Motion to Enforce Settlement in deciding whether to allow Mr. Fogel to withdraw from representing Mr. Hubbard. Making that decision does not require me to consider any evidence or make any findings about the existence (or non-existence) of a legally enforceable global settlement agreement.

On September 30, Mr. Hubbard tried to file a written response to Mr. Fogel's motion by emailing the document directly to the Charlottesville Clerk's Office. The deputy clerk declined to file that document, as required by this Court's local rules, and informed Mr. Hubbard that the Court could not accept papers sent via email, but that Mr. Hubbard could hand deliver or mail a hardcopy of the document to the Clerk's Office for filing. *See* Admin. Procs. for Filing, Signing & Verifying Pleadings & Papers by Elec. Means § A.2 ("Sending a document or pleading to the Court via email does not constitute 'electronic filing.'"). Mr. Hubbard did not resubmit a response to Mr. Fogel's motion to withdraw.[2] On October 4, the Court held a hearing at which Mr. Fogel, Mr. Hubbard, and Holmes's counsel appeared and addressed Mr. Fogel's motion to withdraw. Mr. Fogel reiterated the legal grounds presented in his motion and described in some detail a serious breakdown in his and Mr. Hubbard's attorney-client relationship. Mr. Hubbard said that he opposed Mr. Fogel's withdrawal because Mr. Fogel has represented Plaintiffs for six years and they were just two days away from going to trial. Mr. Hubbard was adamant that he did not agree to settle his claims against Holmes and that he wanted to present his case to a jury. He also expressed a lack of confidence in Mr. Fogel's apparent commitment to Mr. Hubbard and his claims.

## II. The Legal Framework

Counsel of record shall not withdraw from any cause pending in the U.S. District Court for the Western District of Virginia, except with the Court's consent for good cause shown. W.D.

---

[2] On October 4, the Court received Mr. Hubbard's hardcopy response in opposition to Holmes's motion. ECF No. 246. The document purports to be presented on behalf of both Mr. Hubbard and Plaintiff Sergio Harris, but it is not signed by either individual or his current attorney of record. *See* Fed. R. Civ. P. 11(a). Mr. Harris is not allowed to file documents for himself while he is still represented by Mr. Fogel in this action. *See id.* Mr. Hubbard's response also references "substantive negotiations [from] the settlement conference" held in March 2022, which are confidential and cannot "be used by the parties for any purpose other than settlement." Settlement Conf. Order ¶ 5, ECF No. 166. Accordingly, I directed the Clerk's Office to file Mr. Hubbard's response under seal.

Va. Gen. R. 6(i). This Court generally looks to the Virginia State Bar's Rules of Professional Conduct both to govern attorneys who are admitted to practice before it, *see* Order In Re: Local Rule IV(B) Federal Rules of Disciplinary Enforcement (W.D. Va. Nov. 6, 1998), and to decide whether an attorney of record should be allowed to withdraw from a pending case, *Schock v. S.C. Johnson & Son, Inc.*, No. 6:06cv20, 2007 WL 2405730, at *2 (W.D. Va. Aug. 2, 2007); *see also United States v. Bryant*, No. 3:04cr47-7, 2005 WL 8160794 (W.D. Va. Nov. 4, 2005) (Moon, J.). Additionally, the Court may consider whether "the attorney-client relationship ha[s] soured and the necessary foundation of trust and cooperation between an attorney and client," *Mtn. Valley Pipeline, LLC v. 2.93 Acres of Land*, No. 7:19cv150, 2019 WL 6833665, at *2 (W.D. Va. Dec. 13, 2019), is so far gone that the attorney can no longer advise or represent that client effectively. *See, e.g.*, *Portsmouth Redev. & Hous. Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 786 n.10 (E.D. Va. 1994) (allowing counsel to withdraw based in part on the court's "concerns that relations between [attorney and client] have deteriorated to a point where a working relationship may not be possible"); *cf. Mtn. Valley Pipeline*, 2019 WL 6833665, at *2 (noting that a law firm "had just cause to withdraw as counsel" in such circumstances, "even though the court did not permit withdrawal initially"); *United States v. Darden*, No. 4:11cr52, 2011 WL 13176251, at *1 (E.D. Va. Sept. 28, 2011) (granting court-appointed counsel's motion to withdraw from criminal matter where "counsel described the breakdown in the attorney-client relationship as extensive" and noted that this problem had "arisen because of [client's] loss of confidence in [attorney], and [client's] lack of trust in [attorney's] honesty and commitment to his client").

### III. Discussion

In Virginia, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest" unless certain criteria are met. Va. R. Prof'l Conduct 1.7(a). As

relevant here, "[a] concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client . . . ." *Id.* Subsection (a)(1) "prohibits representation of opposing parties in litigation," whereas subsection (a)(2) governs "[s]imultaneous representation of parties whose interests in litigation may conflict, such as co-plaintiffs or co-defendants . . . ." Va. R. Prof'l Conduct 1.7 cmt. 23. "An impermissible conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party[,] or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." *Id.*; *see, e.g.*, *Sanford v. Commw. of Va.*, 687 F. Supp. 2d 591, 600, 602 (E.D. Va. 2009) (disqualifying counsel from representing certain defendants who "would certainly want to point the finger of fault toward" counsel's other client(s) and "the factual differences presented by the potential different defenses presented substantially different possibilities of settlement of the claims and liabilities in question" (citing Va. R. Prof'l Conduct 1.7(a) cmt. 23)).

*

The Court will allow Mr. Fogel to withdraw from representing Mr. Hubbard. In short, there are now "substantially different possibilities of settlement of the claims," *Sanford*, 687 F. Supp. 2d at 600, 602 (citing Va. R. Prof'l Conduct R. 1.7(a) cmt. 23), in these five consolidated cases. Mr. Fogel cannot advocate *both* Mr. Hubbard's position that Mr. Hubbard did not reach a binding agreement to resolve each Plaintiff's claims against Holmes—i.e., a "global" settlement of all five cases—*and* his other clients' positions that all parties, Mr. Hubbard included, did agree to those terms and that the Court should enforce their agreement. Mr. Hubbard's interest in trying his claims against Holmes is legally adverse to, or not "mutually aligned" with, his co-

6

Plaintiffs' apparent interest in resolving their own claims against Holmes without a trial. *Cf.*
*Wright v. Williamsburg Area Med. Assistance Corp.*, No. 4:12cv152, 2013 WL 12184285, at *1
(E.D. Va. Apr. 9, 2013) (noting that jointly represented defendants' interests were "mutually
aligned, not adverse" where they held "substantially similar positions . . . to achieve the same
ends—defending against the Plaintiff's claims"). Given Holmes's insistence on a global
settlement, if Mr. Hubbard's case is to go to trial, everyone's case must go to trial. Moreover,
although Mr. Hubbard stated at the hearing that he opposed Mr. Fogel's withdrawal at this point
in the litigation, Mr. Hubbard's demeanor and other comments during the hearing indicate "the
attorney-client relationship ha[s] soured and the necessary foundation of trust and cooperation
between an attorney and client [is] gone." *Mtn. Valley Pipeline*, 2019 WL 6833665, at *2 (noting
that attorney "had just cause to withdraw as counsel" in such circumstances).

Allowing Mr. Fogel to withdraw from representing Mr. Hubbard raises an important
question about whether Mr. Fogel can still represent any Plaintiff in these consolidated cases, as
Mr. Fogel noted during the October 4 hearing. Ordinarily, an attorney facing an actual
concurrent conflict among clients should move to withdraw from their representation entirely.
*Sines v. Kessler*, No. 3:17cv72, 2020 WL 7214201, at *5 (W.D. Va. May 28, 2020); *see* Va. R.
Prof'l Conduct 1.7 cmt. 29 ("Ordinarily, the lawyer will be forced to withdraw from representing
all of the clients if the common representation fails."). Nonetheless, Rule 1.7 gives individual
attorneys "primary responsibility for '[r]esolving questions [about] conflicts of interest'
consistent with their ethical obligations to both former and current clients," *Rivers v. United
States*, No. 6:18cv61, 2020 WL 1480834, at *1 (W.D. Va. Feb. 26, 2020) (quoting Va. R. Prof'l
Conduct 1.7 cmt. 9), and it explicitly "leaves open the possibility that [Mr. Fogel] might remain
as counsel" to other Plaintiffs even though he cannot continue to represent Mr. Hubbard,

*Sanford*, 687 F. Supp. 2d at 605 (citing Va. R. Prof'l Conduct 1.7 cmt. 29). *See also* Va. R. Prof'l

Conduct 1.9(a). Accordingly, I will leave that prospect open for now. *See Sanford*, 687 F. Supp.

2d at 605–06.

ORDER

Mr. Fogel's motion to withdraw as counsel of record for Plaintiff Rodney Hubbard, ECF

No. 242, is hereby **GRANTED**. The Clerk is directed to terminate Mr. Fogel's appearance on

Mr. Hubbard's behalf and to note that Mr. Hubbard is appearing pro se.

Mr. Hubbard is now representing himself. Accordingly, unless and until a new attorney

enters an appearance on his behalf, Mr. Hubbard is solely responsible for complying with all

rules, court orders, and deadlines in this case. *See, e.g.*, Pretrial Order, ECF No. 151; Settlement

Conf. Order, ECF No. 166; Fed. R. Civ. P. 11(a). Because Mr. Hubbard indicated that he wants

to find new counsel, the Court will give Mr. Hubbard **until 5:00 p.m. on Friday, October 21,**

**2022**, to have an attorney enter his or her notice of appearance on Mr. Hubbard's behalf. *See*

W.D. Va. Gen. R. 6(a)–(d), (i). **Otherwise, the Court will assume Mr. Hubbard intends to**

**proceed pro se and the Court will promptly schedule an evidentiary hearing on Holmes's**

**pending motion to enforce the settlement agreement.**

Mr. Hubbard's pro se response in opposition to Holmes's pending Motion to Enforce

Settlement Agreement is not signed as required by Rule 11(a). *See* ECF No. 246 (sealed). "The

court must strike an unsigned paper unless the omission is promptly corrected after being called

to the . . . party's attention." Fed. R. Civ. P. 11(a). Accordingly, the Court will give Mr. Hubbard

until **5:00 p.m. on Monday, October 17, 2022**, to resubmit a written response that complies

with **both** Rule 11(a) **and** this Court's prior Order requiring that all "substantive negotiations

[from] the settlement conference" held in March 2022 must be kept confidential and cannot "be

8

used by the parties for any purpose other than settlement," Settlement Conf. Order ¶ 5. Mr.

Hubbard's unsigned response, ECF No. 246, shall remain under seal. The Court reminds Mr.

Hubbard that court employees are not allowed to accept filings sent via email. Mr. Hubbard may

hand deliver or mail a hardcopy of the document to any U.S. District Court Clerk's Office within

the Western District of Virginia, and a court employee will promptly file it on the electronic

docket.  IT IS SO ORDERED.

ENTER: October 7, 2022

Joel C. Hoppe
U.S. Magistrate Judge